**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5412

OMAR SHAHID ZAKI, a/k/a Edward
Shahid Zaki,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-94-503-A)

Submitted: November 26, 1996

Decided: December 20, 1996

Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Cheryl J. Sturm, West Chester, Pennsylvania, for Appellant. Helen F.
Fahey, United States Attorney, Michael E. Rich, Assistant United
States Attorney, Andrew G. McBride, Assistant United States Attor-
ney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Omar Shahid Zaki entered a guilty plea to two counts of mail fraud, 18 U.S.C.A. § 1341 (West Supp. 1996). He was sentenced to a term of 51 months and fined $250,000. He appeals his conviction, asserting that the district court failed to determine that he was mentally competent to enter a plea. He also seeks to appeal his sentence, contending that the waiver provision in his plea agreement is invalid on a number of grounds. We affirm the conviction and dismiss Zaki's appeal of his sentence.

Zaki practiced medicine in northern Virginia from the late 1970's until an investigation into his billing practices in 1991 caused him to surrender his medical license and leave the state. He was diagnosed with myasthenia gravis (a disorder causing muscle weakness) and underwent surgery related to the disease in 1989. Between 1992 and December 1994 when he was indicted on 76 counts of mail fraud and money laundering, Zaki obtained numerous evaluations of his mental condition, including at least two ordered by the district court in the months preceding his indictment, in anticipation of a possible insanity defense. In June 1994, the district court found Zaki competent to stand trial after the court received the report of a month-long evaluation at the hospital of Zaki's choice and the parties waived a hearing on his competency. The evaluator concluded that Zaki appeared to be mentally ill but also appeared to be exaggerating and manipulating his symptoms, making a diagnosis of his mental condition difficult. An evaluation by a different doctor in the fall of 1994 found no mental disease or defect. All the reports mentioned that various medications had been prescribed for Zaki but that he did not take them consistently. In February 1995, Zaki entered his guilty plea.

Zaki did not try to withdraw his plea in the district court, but now contends that, during the hearing pursuant to Fed. R. Crim. P. 11, the

2

district court committed reversible error by not inquiring whether he was under the influence of prescription drugs and thus failing to ensure that his guilty plea was voluntary. We review the adequacy of a guilty plea de novo; however violations of Rule 11 are reviewed under a harmless error standard. United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). Before accepting a guilty plea, the district court is required to determine whether the defendant is competent to enter a plea and whether the plea is knowing and voluntary and not the result of force or threats or promises not contained in the plea agreement. Fed. R. Crim. P. 11(d); Godinez v. Moran, 509 U.S. 389, 396-400 (1993).

Zaki does not allege that he was actually taking any medication on the day of his plea or that his plea was in fact involuntary as a result. The district court had previously determined that Zaki was competent to stand trial, and the standard is the same for competence to enter a guilty plea. Id. at 399. We find that the court was adequately informed about Zaki's mental competence to enter a plea and that any error in failing to inquire about his condition on the day of the plea was harmless error at most.

Zaki's attempt to raise issues concerning his sentence is foreclosed by his valid waiver of that right in the plea agreement. Although he argues that the government breached the agreement by requesting an upward departure and thus relieved him of his own obligations under the agreement, no breach occurred. The government did not promise in the agreement that it would not ask for a departure, and Zaki stated at the Rule 11 hearing that no other promises had been made to induce his plea. He specifically acknowledged that he agreed to the waiver provision. The court's failure to ask about his medication does not render this portion of his plea involuntary.

Finally, the court did not impose a sentence above the statutory maximum.* Zaki was convicted of violating 18 U.S.C.§ 1341, which provides for a fine of not more than $1000. However, 18 U.S.C.A. § 3571(b) (West Supp. 1996) provides that an individual's fine may

_____

*Even a valid waiver would not prevent a defendant from appealing a sentence in excess of the maximum penalty permissible under the statute. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

3

be the greatest of the fine specified in the law setting forth the offense or, for a felony, not more than $250,000. Zaki's sentence thus did not exceed the statutory maximum.

The conviction is therefore affirmed. We dismiss that portion of the appeal which seeks review of the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4